WILLIAM FULGHAM
R-54004

E-FILED
Thursday, 05 January, 2023 02:32:19 PM
Clerk, U.S. District Court, ILCD

**FILED**

TO BE E-FILED!

JAN - 5 2023

CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

TO: U.S. DIST COURT
    CENTRAL DIST OF IL
    PEORIA DIVISION

CASE: FULGHAM v. ADMIRE

CASE #: 21-4218-JBM

DOCUMENT: PLAINTIFF'S OBJECTION TO
          DEFENDANT'S MOTION TO DISMISS

# PAGES: 55

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

WILLIAM FULGHAM,                    ]
      Plaintiff,                  ]
v.                                  ]    Case No. 21-4218-JBM
                                    ]
BEAU ADMIRE,                        ]
      Defendant.                  ]

PLAINTIFF'S OBJECTION TO

DEFENDANT'S MOTION TO DISMISS

NOW COMES, the Plaintiff, WILLIAM FULGHAM , pro se, with his;
Plaintiff"s Objection To Defendant's Motion To Dismiss, and in support states;

INTRODUCTION

At all material times, the Plaintiff has been incarcerated within the
Illinois Department of Corrections [IDOC] and under the care, custody and
control of the Hill Correctional Center [HILL].  [Dkt. 1]

On December 29, 2021, Plaintiff had cause to file his Complaint [Dkt. 1]
under U.S.C. § 1983, agianst Defendant Beau Admire, a correctional officer,
at the Hill Correctional Center [Dkt. 1. p. 2] wherein Plaintiff alleged
Defendant Admire had maliciously and sadistically used excessive force against
him, after being handcuffed from behind his back. [Dkt. 1, p. 8.¶40, p. 9 ¶¶
41, 45-47].

On March 15, 2022, this Court entered its MERIT REVIEW ORDER [Dkt. 6] wherein this Court ordered in part;

> "Pursuant to its Merit Review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment excessive force claim against Defendant Admire..." [Dkt. 6, p. 5 at 1]

The Court's MERIT REVIEW ORDER orders in part;

> "Defendant shall file an answer within 60 days of the date the waiver of service is sent by the Clerk." [Dkt. 6, p. 6 at 6]

On July 29, 2022, Defendant Admire was served with a Summons and Complaint and his answer was due August 19,2022.[TEXT ORDER, 9/26/2022]

On October 17, 2022, Defendant Admire filed a Motion For Extension of Time to File an Answer. [Dkt. 20]

On October 18, 2022, this Court entered its TEXT ORDER providing in part;

"Defendant Admire is directed to answer or otherwise plead in response to Plaintiff's Complaint by November 21, 2022. [TEXT ORDER, 10/18/2022]

Defendant Admire has since violated the Court's Order by failing to answer Plaintiff's Complaint.

On November 15, 2022, instead of answering Plaintiff's Complaint as ordered by this Court, Defendant Admire filed his; Defendant's Motion To Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6). [Dkt. 24]

This Court's MERIT REVIEW ORDER [Dkt. 6] orders the defendant to file an answer within 60 days of the date of service. "A motion to dismiss is not an answer." [Dkt. 6, p. 6 at 6] and thus, Defendant Admire has again violated the Court's Order, by filing a motion to dismiss, and therefore the motion should be denied.

## LEGAL STANDARD

A motion to dismiss under Federal Rules of Civil Procedure Rule 12(b)(6) challenges the sufficiency of the complaint, not the merits of the case. Gibson v. City of Chicago, 910 F. 2d 1510, 1520 (7th Cir. 1990). In considering a motion to dismiss, the Court must accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in Plaintiff's favor. Anchor Bank, FSB v. Hofer, 649 F. 3d 610, 614 (7th Cir. 2011). To survive, the Complaint must give the defendants fair notice of the basis for the claim, and it must be facially plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

## ARGUMENT

## STATUTE OF LIMITATIONS

The Prison Litigation Reform Act requires;

> "No action shall be brought with respect to prison conditions...
> under 42 U.S.C. § 1983...by a prisoner confined in any jail,
> prison, or other correctional facility until such administrative
> remedies as are available are exhausted." 42 U.S.C. § 1997e(a)

3.

Illinois has a "two-year statute of limitations, which is tolled while the prisoner exhausts the administrative grievance process. Turley v. Rednour, 729 F. 3d 645, 651 (7th Cir. 2013)

In the case at hand, Defendant Admire has intentionally, or otherwise, misinterpreted Plaintiff's statute of limitations to file his Complaint. Here, the Plaintiff alleges that Defendant Admire used excessive force against him on May 21, 2018. [Dkt. 1, p. 6, 9, 10]  Pursuant to 20 ILL Administrative Code 504.810, Plaintiff was required to begin his administrative review process (IDOC Grievance Procedure) within 60 days after the discovery of the incident, occurence or problem that gives rise to the grievance.

See, EXHIBIT 1, p. 5 attached hereto as if more fully set forth in words and in figures.

Plaintiff submitted his Offender's Grievance on May 22, 2018, which was received by Primary Grievance Officer John Frost, on May 23, 2018 [Dkt. 1, Ex. A, p. 1] who, on May 23, 2018, forwarded to Plaintiff a RETURN OF GRIEVANCE form, and where Grievance Officer Frost indicated on the form to: "Included copies of the Disciplinary Report and the Adjustment/Program Committee Final Summary when submitting a grievance on an IDR, as indicated in A.D. 04.01.114 [Dkt. 1, Ex. A, p.1]

Grievance Officer Frost has initially failed to properly characterize Plaintiff's Grievance.  Plaintiff's Grievance concerned staff conduct as it relates to the excessive force used by Defendant Admire, and the Summary of Plaintiff's Grievance detailed the use of excessive force by Defendant Admire. The Summary portion of the Grievance did not address the disciplinary report written by Defendant Admire, thus, returning the Grievance to have Plaintiff include copies of the Disciplinary Report and the Adjustment/Program Committee Final Summary -- was not warranted, as neither; A.D. 04.01.114 or 20 ILL Administrative Code 504.810 provides for such a requirement. See, EXHIBITS 1 & 2 attached hereto.

4.

Without objection to Grievance Officer Frost's request, Plaintiff complied with his instruction and returned said Grievance, including the Disciplinary Report, to Grievance Officer Frost on June 15, 2018 [Dkt. 1, Ex. A, p. 5] by requesting Correctional Officer Pumphrey turn the Grievance in -- due to Plaintiff's placement in segregation. [Dkt. 1, Ex. A, p. 11]

On July 19, 2018, following Plaintiff's request for status of his Grievance, Counselor Beams provided Plaintiff with a Counseling Summary noting, "the grievance you submit was never received in this office and the Grievance Officer never received it from the housing unit or logged a grievance about staff conduct against c/o Admire from you." [Dkt. 1, Ex. A, p. 7]

Counselor Beams failed to provide any guidence, direction, or information as to how Plaintiff was to proceed, so on July 25, 2018, Plaintiff forwarded a correspondence to Counselor Beams asking,

> "IF I NEED TO RE-WRITE MY GRIEVANCE ABOUT THE INCIDENT
> WITH C/O ADMIRE, PLEASE LET ME KNOW A.S.A.P."
> [Dkt. 1, Ex. A, p. 11]

Without direction from Counselor Beams, Plaintiff initiated another Grievance, dated 7-21-2018, wherein Plaintiff complained of being assaulted by c/o Admire on 5-21-2018.

On July 23, 2018, Counselor Beams responded to Plaintiff's Grievance, however, Counselor Beams failed to address the crux of Plaintiff's Grievance concerning the assault by c/o Admire. On or about, July 25, 2018, the Plaintiff forwarded the 7-21-2018 Grievance, with Counselor Beams response, to the Grievance Office for second level review -- where is remains.

In the last week of July 2018, Plaintiff had personally spoken to
Counselor Beams concerning his Grievance dated 5-22-2018, and the details
of c/o Admire's use of excessive force.  On this date, Counselor Beams
instructed Plaintiff to re-write the Grievance and send the Grievance to
him, and he would "make sure the incident would be thoroughly investigated
and addressed." [Dkt. 1, Ex. A, p. 13-15]  Pursuant to 20 ILL Administrative
Code 504.810(a) Counselor Beams is authorized to review Plaintiff's Grievance.

On September 15, 2018, Plaintiff forwarded a correspondence to the
HILL Grievance Officer requesting a "response to his grievance concerning
c/o Admire's use of excessive force against me." [Dkt. 1, Ex. A, p. 18]
No response followed.

On December 15, 2018, Plaintiff forwarded a correspondence to the HILL
Clinical Services Supervisor to inform the Supervisor that his Grievance
has been "pending review by the Grievance Office for almost 5-months without
receiving a response." [Dkt. 1, Ex. A, p. 19]
No response followed.

On January 21, 2019, Plaintiff forwarded a correspondence to the HILL
Grievance Office "to check on my Grievance against c/o Admire that remains
pending in your office." [Dkt. 1, Ex. A, p. 20]
No response followed.

On March 10, 2019, Plaintiff forwarded a correspondence to HILL Warden
Dorethy advising, "I wrote a Grievance -- & it has been almost a year pending
in the Grievance Office, & nobody will let me know what's going on. Please
instruct the Grievance Officer to respond to my Grievance. [Dkt. 1, Ex. A.
p. 21]  No response followed.

On September 19, 2019, Plaintiff forwarded a correspondence to HILL Counselor Friend, wherein Plaintiff advised, "I have already written to everybody else, so hopefully you will be able to help me... I have a Grievance pending for over a year against c/o Admire for assaulting me outside 2-house." And, "I've already been advised that the Grievance Officer has no timeframe to respond --- but at what point is this non-response considered to be an intentional interference with the grievance proceeding? Please tell me how to proceed." [Dkt. 1, Ex. A, p. 22]
No response followed.

On January 20, 2020, Plaintiff again forwarded a correspondence to the HILL Grievance Office advising, "Its almost two full years since I filed my Grievance against c/o Admire for assaulting me in front of 2-house. Please respond to this Grievance so I can continue on to the third stage of review." [Dkt. 1, Ex. A. p. 23]
No response followed.

On November 15, 2020, having a new warden in place at HILL, Plaintiff forwarded a correspondence to Warden Brannon advising, "I have a Grievance pending in the Grievance Office since 2018, against c/o Admire, for his use of extreme excessive force against me, when c/o Admire slammed me to the sidewalk outside 2-house --- while I was handcuffed from behind. It's obvious that when complaints against c/o's use of force at Hill C.C. are made --- the Grievance Officer does not set-in-stone any timeframe for response. Two years must be considered an abuse of DR 504." [Dkt. 1, Ex. A, p. 24]
No response followed.

On May 17, 2021, being frustrated from the lack of responses to his correspondences sent to HILL Staff, Plaintiff forwarded a correspondence to the IDOC Administrative Review Board, "...seeking direction, guidance, and information regarding Grievance procedure delays in effect at the Hill C.C." [Dkt. 1, Ex. A, p. 25-26]
No response followed.

On June 21, 2021, Plaintiff forwarded another correspondence to the IDOC Administrative Review Board, "to follow-up on my correspondence dated May 17, 2021." [Dkt. 1, Ex. A, p. 27]  In addtition to a correspondence, Plaintiff attached copies of letters that he sent to prison officials at HILL regarding his re-submitted Grievance dated 7-21-2018, and his pending Grievance dated 7-31-2018, and copies of each were received June 28, 2021.

On July 6, 2021, Plaintiff received an Administrative Review Board Return of Grievance or Correspondence form, where Board Member Sherry Benton checked one box indicating, "No further redress: Not submitted in the timeframe outlined in Departmental Rule 504; therefore, this issue will not be addressed further."  In addition to the standarized form response, Sherry Benton wrote, "Doesn't meet DR 504F. No review can be given. 1st submission to ARB on issue." [Dkt. 1, Ex. A, p. 28]  Sherry Benton failed to include with her response any direction, guidance, or information to assist Plaintiff in obtaining a response from the Grievance Office.  So, on July 19, 2021, Plaintiff forwarded another correspondence to Board Member Sherry Benton, first confirming receipt of her July 6, 2021 mailing, and again asking,

> "WHAT CAN I DO...IF THE GRIEVANCE OFFICE WILL NOT ADDRESS
> MY GRIEVANCE...AFTER 3-TEARS ???" [dkt. 1, Ex. A, p. 29]

No response followed.

Pursuant to the Prison Litigation Reform Act (42 U.S.C. § 1997e(a), the Plaintiff has completed his **"available"** administrative remedies when the IDOC Administrative Review Board responded to Plaintiff's Grievance, which in turn, required Plaintiff to file his lawsuit before July 06, 2023, which he has done.  See, Turley v. Rednour, 729 F. 3d 645, 651 (7th Cir. 2013).

8.

Defendant Admire relies on Wells v. Spencer, 2014 WL 1013864, 2014 U.S. Dist. LEXIS 33227, for support that Plaintiff failed to properly comply with the grievance process at HILL -- but such reliance is misplaced.  In Wells, the plaintiff filed grievances October 2, 2003 and February 28, 2004 related to the Law Library being closed at the Pontiac Correctional Center. There, the plaintiff appealed his grievances to the institutional grievance officer on October 6, 2003, Jnauary 24, 2004, and May 9, 2004,  but the record says nothing about completing the third-level of review by the IDOC Administrative Review Board.  Wells is distinguishable to the instant case, where the Plaintiff here had not received any response from the Grievance Office, and therefore, in delaying Plaintiff's responses the Grievance Office continued tolling Plaintiff's statute of limitations.  In addtion, Wells did not put forth any effort to resolve his grievances, where here, the Plaintiff continued with writing letters for assistance, finally reaching out to the IDOC Administrative Review Board, who not only failed to respond to one correspondence, but failed to provide Plaintiff with any direction, guidance, or information, in how to proceed with uncooperative HILL Staff.

Defendant Admire does not contest that the Plaintiff filed a timely Grievance against Defendant Admire for the use of excessive force, on May 22, 2018, nor does Defendant Admire contest the timely 'second grievance' dated July 21, 2018. [Dkt. 1, Ex. A, p. 8]   In addition, Defendant Admire fails to explain why Grievance Officer Frost failed to log his May 22, 2018, and July 21, 2018 Grievances upon receipt.

Defendant Admire fails to appreciate the fact that -- the Plaintiff did resumbit his first grievance -- as instructed by Counselor Beams (Dkt. 1, Ex. A. p. 13) and following this resubmitting, the Plaintiff refused to sit idly by -- waiting on Counselor Beams[] and/or the Grievance Office's response to his Grievance.  The Plaintiff continued corresponding with Hill Correctional Center officials -- making each person aware of the Grievance and the use of excessive force used against him, by Defendant Admire. (Dkt. 1. Ex. A, p. 20-26)

The instant case is similar to Levi v. Briley, 2006 U.S. Dist. Lexis 52534, 2006 WL 2161788, where, as in Levi, the Plaintiff has shown that he made an attempt to avail himself to the grievance process but did not receive a timely response.  And because the Plaintiff had not received a response to his grievance at the time he forwarded a copy to the Administrative Review Board, he was obviously unable to follow the mandated procedures.  Having never received a response, the Plaintiff should not be faulted for seeking redress through alternative means. Id. Levi  To penalize the Plaintiff for failure to follow procedure would allow the Illinois Department of Corrections to abuse the exhaustion requirement by delaying or failing to respond to inmate grievances.  Such a result would run counter to the intent of the statute. Id. Levi

Defendant Admire's reliance on Hill v. Bond, 2015 WL 1166053, is also misplaced, because the Plaintiff in the instant case did all (and more) than what was required to exhaust his administrative remedies.  Hill did not follow up on his grievances -- this Plaintiff has followed up on numberous occassions. (Dkt. 1, Ex. A)  Hill did not ask for instruction.  This Plaintiff asked for direction, guidance, and information from the Administrative Review Board THREE TIMES (Dkt. 1, Ex. A, p. 25-27, 29)  None was provided.

Inconceivably, Defendant Admire questions why Plaintiff waited three years to appeal his "second grievance' (dated July 21, 2018) to the Administrative Review Board -- when it is obvious the delay is the fault of the Grievance Office at the Hill Correctional Center.  Defendant Admire attempts to argue the exhaustion of (available) administrative remedies from both sides of the exhaustion requirement.  here, Plaintiff's July 21, 2018 Grievance was submitted to Counselor Beam for first-level review pursuant to 20 Ill Admin. Code 504.810(a) Following Counselor Beam's response, Plaintiff submitted his Grievance to the Grievance Office for second-level review pursuant to Ill Admin. Code 504.830 where the Grievance remains.

10.

Plaintiff required a Grievance Officer  Response and a Chief Administrator
Response prior to seeking third-level review by the Administrative Review
Board pursuant to Ill Admin. Code 504.850(a).  Thus, the delay was caused
by the Hill Grievance Office.

    A prison grievance system that fails to respond to an inmate's grievance
can render its process "unavailable".  Lewis v. Washington, 300 F. 3d 829, 833
(7th Cir. 2002).  And the Plaintiff here was required to only exhaust those
administrative remedies that were "available", 42 U.S.C. §1997e(a), Woodford
v. Ngo, 548 U.S. 81, 102, 126 S. Ct. 2378 (2006).  "prison officials may not
take unfair advantage of the exhaustion requirement...and a remedy becomes
unavailable if prison employees do not respond to a properly filed grievance
or otherwise use affirmative misconduct to prevent a prisoner from exhausting."
Dole v. Chandler, 438 F. 3d 804, 809 (7th Cir. 2006).

    The instant case is analogous to Reid v. Balota, 962 F. 3d 325 (7th Cir
2020) where the Administrative Review Board checked the box; "Not submitted
in the timeframe outlined in Departmental Rule 504; therefore, this issue
will not be addressed further", and noted, "Doesn't meet DR 504F, No review
can be given. 1st submission to ARB on issue."  Instead of checking the box,
"Provide a copy of the Response To Offender's Grievance, Doc 0047, including
the Grievance Officer's and CAO's Response to appeal,"  or the box, "Unable
to determine nature of grievance or correspondence; submit additional information.
Please return the attached Greivance or Correspondence with the additional
information requested."

    As with Reid, the Administraitve Review Board's response -- without
consideration of Plaintiff's correspondence(s) requesting "direction, guidance,
and information, regarding the grievance procedure delays in effect at the
Hill Correctioanl Center." (Dkt. 1, Ex. A, p. 27) -- ignored the substance
of Plaintiff's Grievance, which complained about the handling of his previously
filed Grievance.  It also conveyed to Plaintiff that no further step was
available to him. Id. Reid

11.

It must also be noticed that the Hill Correctional Center's Grievance
Office is able to take full advantage, and disadvantage to the Plaintiff,
in their interpretation of 20 Ill. Administrative Code 504.830(e) which
provides; "The Grievance Officer shall consider the grievance and report
his or her findings and recommendations in writing to the Chief Administrative
Officer within two months after receipt of the written grievance, <u>when
reasonably feasible under the circumstances</u>. At the Hill Correctional
Center, "when reasonably feasible under the circumstances" connotes to
"no specific timeframe within which the grievance office (and/or counselor)
is required to provide a response to grievances, and thus, any and all delays
in the grievance procedure are attributed to the Hill Correctional Officials.

Defendant Admire suggests that this Plaintiff waited to file his lawsuit
as a "strategic one to disadvantage the defendant" and "prejudices defendant's
ability to defend against this lawsuit." But without specifics this argument
must too fail. These are conclusory statements without support. This
Plaintiff had requirements under 42 U.S.C. §1997e to complete prior to bringing
suit, and thus, any "disadvantage" Defendant Admire may have must be attributed
to the Hill Correcional Center Officials.

Plaintiff declares and affirms that his May 22, 2018, Offender's Grievance
was placed through the cell door of his assigned segregation cell for mailing,
as is the proper (and only) procedure available for outgoing mail in the
segregation unit, and that inmate mail is picked up by security staff assigned
to the segregation unit at the Hill Correctional Center. (Ex. 3,¶4, Plaintiff's
Affidavit attached hereto). And, following the "Return of Grievance" sent to
this Plaintiff by the Grievance Officer on May 23, 2018 (Ex. 3,¶6, Plaintiff's
Affidavit attached hereto). Plaintiff <u>resubmitted</u> his Offender's Grievance
by providing Girievances to C/O Pumphrey to staple together and turn in for
the Plaintiff. (Ex. 3, ¶ 7, Plaintiff's Affidavit attached hereto). This was
the procedure "available" to Plaintiff to mail his grievance back to the
Grievance Office. Plaintiff had no choice but to entrust his mailing
to prison correctional staff whom Plaintiff cannot control or supervise --
and with the grievance officer who may have every incentive to delay a response.

12.

Then by properly mailing his grievance to the Administrative Review Board -- alerting the Board of the issue -- and filing suit only after the Administrative Review Board responded. Even if that response failed to clarify what the Plaintiff should do next, the Plaintiff had done all that was reasonable to exhaust his administrative remedies. Dole v. Chandler, 438 F. 3d 804 (7th Cir. 2006). Plaintiff cannot mandate a specific response to his grievance from the Administrative Review Board. The Prison Litigation Reform Act requires Plaintiff to complete "available" administrative remedies and the Administrative Review Board''s decision to avoid the merits of Plaintiff's grievance is strategic to themselves.

## SERVICE OF COMPLAINT

Defendant Admire next argues that he was not served with Plaintiff's Complaint within the time-period established by Fed. R. Civ. P. 4(m). This argument must also fail. This Court has already addressed this matter within the Court's TEXT ORDER, dated July 21, 2022, providing, "The Court has a duty to ensure that defendants are served in lawsuits filed by pro se plaintiff's. Williams v. Werlinger, 795 F. 3d 759 (7th Cir. 2015). Therefore, Defendant Admire's argument must fail.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court deny the Defendant's Motion To Dismiss, or in the alternative, to hold an evidentiary hearing on the exhaustion requirement pursuant to Pavey v. Conley, 544 F. 3d 739 (7th Cir. 2008).

Respectfully submitted,

William Fulgham
R54004 / P.O. Box 1700
Galesburg, Il 61402

Dated this 27 day of December 2022.

13.

## Joint Committee on Administrative Rules

# ADMINISTRATIVE CODE

**TITLE 20: CORRECTIONS, CRIMINAL JUSTICE, AND LAW ENFORCEMENT**
**CHAPTER I: DEPARTMENT OF CORRECTIONS**
**SUBCHAPTER e: OPERATIONS**
**PART 504 DISCIPLINE AND GRIEVANCES**
**SECTION 504.810 FILING OF GRIEVANCES**

---

**Section 504.810  Filing of Grievances**

a)    An offender may file a written grievance on a grievance form that shall be made available in all living units. Grievances shall be addressed to his or her institutional counselor; however, complaints concerning discipline or sexual abuse shall be sent by the offender directly to the Grievance Officer. A grievance must be filed with the counselor or Grievance Officer in accordance with the procedures in this Subpart, within 60 days after the discovery of the incident, occurrence or problem that gives rise to the grievance.  However, if an offender can demonstrate that a grievance was not timely filed for good cause, the grievance shall be considered.  Grievances related to allegations of sexual abuse shall not be subject to any filing time limit.

b)    The grievance procedure shall not be utilized for complaints regarding decisions that have been rendered by the Director, such as, but not limited to, facility placement, awards of supplemental sentence credit or transfer denials, or decisions that are outside the authority of the Department, such as parole decisions, clemency or orders regarding length of sentence.

c)    The original grievance form shall be deposited in the living unit mailbox or other designated repository.  The grievance shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint.  This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

d)    Staff assistance shall be available as requested by those offenders who cannot prepare their grievances unaided as determined by institutional staff.

1)    All offenders shall be entitled to file grievances regardless of their disciplinary status or classification.

2)    Each facility shall take reasonable steps to ensure that the grievance procedure is accessible to offenders who are impaired, disabled or unable to communicate in the English language.

3)    If staff assistance writing the grievance form is provided, the name of the individual providing the assistance shall be documented on the form.

EXHIBIT 1

## Joint Committee on Administrative Rules

# ADMINISTRATIVE CODE

**TITLE 20: CORRECTIONS, CRIMINAL JUSTICE, AND LAW ENFORCEMENT**
**CHAPTER I: DEPARTMENT OF CORRECTIONS**
**SUBCHAPTER e: OPERATIONS**
**PART 504 DISCIPLINE AND GRIEVANCES**
**SECTION 504.820 GRIEVANCE OFFICER**

**Section 504.820  Grievance Officer**

a)    The Chief Administrative Officer shall appoint two or more employees who may serve as a Grievance Officer to attempt to resolve problems, complaints and grievances that offenders have been unable to resolve through routine channels.

b)    No person who is directly involved in the subject matter of the grievance or who was a member of the Adjustment Committee that heard a disciplinary report concerning the grievance may serve as the Grievance Officer reviewing that particular case.

(Source:  Amended at 41 Ill. Reg. 3869, effective April 1, 2017)

## Joint Committee on Administrative Rules

# ADMINISTRATIVE CODE

### TITLE 20: CORRECTIONS, CRIMINAL JUSTICE, AND LAW ENFORCEMENT
### CHAPTER I: DEPARTMENT OF CORRECTIONS
### SUBCHAPTER e: OPERATIONS
### PART 504 DISCIPLINE AND GRIEVANCES
### SECTION 504.830 GRIEVANCE PROCEDURES

#### Section 504.830  Grievance Procedures

a)     Grievances shall be reviewed and a written response provided to the offender. Grievances on issues that are deemed without merit may be returned as denied to the sender without further investigation. No merit grievances include grievances that:

1)     Have previously been addressed for which there is no additional information;

2)     Are on issues that do not involve or affect the offender;

3)     Are not filed timely, and for which good cause justification for the delay is not provided; or

4)     Are decisions previously rendered by the Director.

b)     Grievances alleging discrimination based on disability or a request for an accommodation based upon disability shall be forwarded to the facility ADA Coordinator. If deemed an ADA issue, the facility ADA Coordinator shall conduct the investigation as deemed appropriate and make written recommendations to the Chief Administrative Officer for resolution of the grievance.

c)     Grievances identified as a Health Insurance Portability and Accountability Act (HIPAA) issue involving the privacy of medical records, access to medical records, restriction of medical records, or an error in medical records shall be forwarded to the facility Privacy Officer. The facility Privacy Officer shall conduct an investigation and make written recommendations to the Chief Administrative Officer for resolution of the grievance.

d)     An offender may be afforded an opportunity to appear before the Grievance Officer unless the grievance is deemed without merit. The Grievance Officer may call witnesses as deemed appropriate.

e)     The Grievance Officer shall consider the grievance and report his or her findings and recommendations in writing to the Chief Administrative Officer within two months after receipt of the written grievance, when reasonably feasible under the circumstances. The Chief Administrative Officer shall review the findings and recommendation and advise the offender of his or her decision in writing.

## Joint Committee on Administrative Rules
# ADMINISTRATIVE CODE

**TITLE 20: CORRECTIONS, CRIMINAL JUSTICE, AND LAW ENFORCEMENT**
**CHAPTER I: DEPARTMENT OF CORRECTIONS**
**SUBCHAPTER e: OPERATIONS**
**PART 504 DISCIPLINE AND GRIEVANCES**
**SECTION 504.840 EMERGENCY PROCEDURES**

---

**Section 504.840  Emergency Procedures**

An offender may request a grievance be handled on an emergency basis by forwarding the grievance directly to the Chief Administrative Officer.

    a)    If there is a substantial risk of imminent personal injury or other serious or irreparable harm to the offender, the grievance shall be handled on an emergency basis.

    b)    If the Chief Administrative Officer determines that the grievance shall be handled on an emergency basis, he or she shall expedite processing of the grievance and respond to the offender, indicating what action shall be or has been taken.

    c)    If the Chief Administrative Officer determines that the grievance should not be handled on an emergency basis, the offender shall be notified in writing that he or she may resubmit the grievance as non-emergent, in accordance with the standard grievance process.

(Source:  Amended at 41 Ill. Reg. 3869, effective April 1, 2017)

**Joint Committee on Administrative Rules**

# ADMINISTRATIVE CODE

### TITLE 20: CORRECTIONS, CRIMINAL JUSTICE, AND LAW ENFORCEMENT
### CHAPTER I: DEPARTMENT OF CORRECTIONS
### SUBCHAPTER e: OPERATIONS
### PART 504 DISCIPLINE AND GRIEVANCES
### SECTION 504.850 APPEALS

**Section 504.850  Appeals**

    a)    If, after receiving the response of the Chief Administrative Officer, the offender still believes that the problem, complaint or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director. The appeal must be received by the Administrative Review Board within 30 days after the date of the decision. Copies of the Grievance Officer's report and the Chief Administrative Officer's decision should be attached.

    b)    An Administrative Review Board shall be appointed by the Director.

    c)    The Administrative Review Board shall meet as frequently as necessary and may schedule hearings on grievances. Hearings may be conducted in person or via video or telephonic conference. The Board may call witnesses or examine records at its discretion.

    d)    The Administrative Review Board shall submit to the Director a written report of its findings and recommendations.

    e)    The Director shall review the findings and recommendations of the Board and make a final determination of the grievance within six months after receipt of the appealed grievance, when reasonably feasible under the circumstances. The offender shall be sent a copy of the Director's decision.

    f)    In those instances in which an offender is appealing a grievance determined by the Chief Administrative Officer to be of an emergency nature, the Administrative Review Board shall expedite processing of the grievance.

(Source: Amended at 41 Ill. Reg. 3869, effective April 1, 2017)

## Joint Committee on Administrative Rules

# ADMINISTRATIVE CODE

**TITLE 20: CORRECTIONS, CRIMINAL JUSTICE, AND LAW ENFORCEMENT**
**CHAPTER I: DEPARTMENT OF CORRECTIONS**
**SUBCHAPTER e: OPERATIONS**
**PART 504 DISCIPLINE AND GRIEVANCES**
**SECTION 504.860 RECORDS**

**Section 504.860  Records**

Records regarding the filing and disposition of grievances shall be maintained in the offender's master file.

(Source:  Amended at 27 Ill. Reg. 6214, effective May 01, 2003)

## Joint Committee on Administrative Rules

# ADMINISTRATIVE CODE

**TITLE 20: CORRECTIONS, CRIMINAL JUSTICE, AND LAW ENFORCEMENT**
**CHAPTER I: DEPARTMENT OF CORRECTIONS**
**SUBCHAPTER e: OPERATIONS**
**PART 504 DISCIPLINE AND GRIEVANCES**
**SECTION 504.870 DIRECT REVIEW BY ADMINISTRATIVE REVIEW BOARD**

---

**Section 504.870 Direct Review by Administrative Review Board**

a)      Offenders shall submit grievances directly to the Administrative Review Board when grieving:

   1)      Decisions regarding protective custody placement, including continued placement in or release from protective custody.

   2)      Decisions regarding the involuntary administration of psychotropic medication.

   3)      Decisions regarding disciplinary proceedings that were made at a facility other than the facility where the offender is currently assigned.

   4)      Other issues that pertain to a facility other than the facility where the offender is currently assigned, excluding personal property and medical issues.

b)      The Administrative Review Board shall review and process the grievance in accordance with Section 504.850.

(Source:  Amended at 41 Ill. Reg. 3869, effective April 1, 2017)

## SUBPART F: GRIEVANCE PROCEDURES FOR OFFENDERS

- Section 504.800 Applicability
- Section 504.802 Definitions
- Section 504.805 Responsibilities
- Section 504.810 Filing of Grievances
- Section 504.820 Grievance Officer
- Section 504.830 Grievance Procedures
- Section 504.840 Emergency Procedures
- Section 504.850 Appeals
- Section 504.860 Records
- Section 504.870 Direct Review by Administrative Review Board

# Joint Committee on Administrative Rules

# ADMINISTRATIVE CODE

**TITLE 20: CORRECTIONS, CRIMINAL JUSTICE, AND LAW ENFORCEMENT
CHAPTER I: DEPARTMENT OF CORRECTIONS
SUBCHAPTER e: OPERATIONS
PART 504 DISCIPLINE AND GRIEVANCES
SECTION 504.800 APPLICABILITY**

**Section 504.800  Applicability**

This Subpart applies to offenders assigned to correctional facilities within the Department of Corrections.

(Source:  Amended at 27 Ill. Reg. 6214, effective May 01, 2003)

## Joint Committee on Administrative Rules

# ADMINISTRATIVE CODE

**TITLE 20: CORRECTIONS, CRIMINAL JUSTICE, AND LAW ENFORCEMENT**
**CHAPTER I: DEPARTMENT OF CORRECTIONS**
**SUBCHAPTER e: OPERATIONS**
**PART 504 DISCIPLINE AND GRIEVANCES**
**SECTION 504.802 DEFINITIONS**

---

**Section 504.802  Definitions**

"Chief Administrative Officer" means the highest ranking official of a correctional facility.

"Department" means the Department of Corrections.

"Director" means the Director of the Department.

"Facility ADA Coordinator" means the person or persons designated by the Chief Administrative Officer to coordinate efforts of the facility in carrying out its responsibilities under Title II of the Americans With Disabilities Act of 1990 (42 USC 12101 et seq.).

"Offender" means a person committed to the Department or to the custody of the Department.

(Source:  Amended at 41 Ill. Reg. 3869, effective April 1, 2017)

## Joint Committee on Administrative Rules
# ADMINISTRATIVE CODE

**TITLE 20: CORRECTIONS, CRIMINAL JUSTICE, AND LAW ENFORCEMENT**
**CHAPTER I: DEPARTMENT OF CORRECTIONS**
**SUBCHAPTER e: OPERATIONS**
**PART 504 DISCIPLINE AND GRIEVANCES**
**SECTION 504.805 RESPONSIBILITIES**

**Section 504.805  Responsibilities**

a)      Unless otherwise specified, the Director or Chief Administrative Officer may
        delegate responsibilities stated in this Subpart to another person or persons or
        designate another person or persons to perform the duties specified.

b)      No other individual may routinely perform duties whenever a Section in this
        Subpart specifically states the Director or Chief Administrative Officer shall
        personally perform the duties.  However, the Director or Chief Administrative
        Officer may designate another person or persons to perform the duties during
        periods of his or her temporary absence or in an emergency.

(Source:  Amended at 22 Ill. Reg. 1206, effective January 1, 1998)

| **Illinois** Department of **Corrections** | ***ADMINISTRATIVE DIRECTIVE*** | Number | 04.01.114 |
|---|---|---|---|
| | | Page | 1 of 7 |
| | | Effective | 5/1/2017 |

| Section | 04 | Programs and Services |
|---|---|---|
| Subsection | 01 | General Provisions |
| Subject | 114 | Local Offender Grievance Procedures |

I.  **POLICY**

    A.  **Authority**

        730 ILCS 5/3-2-2, 3-8-8 and 3-10-9

        20 Ill. Adm. Code 504

    B.  **Policy Statement**

        The Department shall establish and maintain a local grievance process for addressing offender grievances within the facilities.

II.  **PROCEDURE**

    A.  **Purpose**

        The purpose of this directive is to provide guidelines for staff regarding local offender grievance procedures.

    B.  **Applicability**

        This directive is applicable to all correctional facilities within the Department.

    C.  **Facility Reviews**

        A facility review of this directive shall be conducted at least annually.

    D.  **Designees**

        Individuals specified in this directive may delegate stated responsibilities to another person or persons unless otherwise directed.

    E.  **General Provisions**

        1.  Offender grievances involving the following shall be exempt from local grievance procedures; such grievances must be sent directly to the Office of Inmate Issues for Administrative Review Board (ARB) proceedings in accordance with Administrative Directive 04.01.115.

            a.  Decisions regarding protective custody placement.

            b.  Decisions regarding the involuntary administration of psychotropic medications.

EXHIBIT 2

*Illinois* Department of **Corrections**

| **ADMINISTRATIVE DIRECTIVE** | Effective **5/1/2017** | Page **2 of 7** | Number **04.01.114** |
|---|---|---|---|

  c.  Decisions regarding disciplinary issues originating from a facility other than the facility where the offender is currently housed.

  d.  Decisions regarding other issues except personal property or medical issues that pertain to a facility other than the facility where the offender is currently housed.

2.  Offender grievances involving issues other than those listed in Paragraph II.E.1. and disciplinary reports shall be handled in accordance with the provisions of this directive.

3.  Offender grievances involving alleged incidents of sexual abuse shall be exempt from any informal (counselor) grievance process.

4.  The grievance procedure shall not be utilized for complaints regarding decisions that have been rendered by the Director, such as, but not limited to, facility placement, awards of supplemental sentence credit or transfer denials; or decisions that are outside the authority of the Department, such as parole decisions, clemency or orders regarding length of sentence.

5.  Offender grievances must be filed within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. Grievances not filed within this time frame shall be considered only if the offender can demonstrate good cause for the untimely filing.

  **NOTE**: Offender grievances related to allegations of sexual abuse shall not be subject to any filing time limit.

6.  Offenders shall be notified of the grievance procedures.

  a.  Written grievance procedures shall be available to all offenders.

  b.  Offenders who are unable to speak or read English may request that the procedure be explained in a language the offender understands.

7.  Offender's Grievance, DOC 0046, shall be available to offenders in the living units and other locations approved by the Chief Administrative Officer.

8.  Staff assistance shall be available as requested by any offender who is unable to prepare his or her grievance without assistance.

9.  Staff shall be prohibited from reviewing and making a recommendation on a particular grievance in which he or she was directly involved, such as the subject of the grievance, a witness, the offender's counselor, or a member of the Program Unit or Adjustment Committee that heard the disciplinary report.

10.  Staff shall be prohibited from imposing discipline due to use of the grievance process.

F.  **Requirements**

1.  The Chief Administrative Officer of each facility shall appoint two or more employees to serve as Grievance Officers.

*Illinois Department of Corrections*

| ADMINISTRATIVE DIRECTIVE | Effective | Page | Number |
|---|---|---|---|
| | 5/1/2017 | 3 of 7 | 04.01.114 |

2.    The Chief Administrative Officer of each facility shall ensure that all staff legibly and accurately complete documents.

3.    Reasonable efforts shall be made to resolve issues at the facility.

G.    **Grievance Process**

Only original grievances filed within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the incident shall be considered, unless an offender can demonstrate delays due to good cause or if the grievance is related to allegations of incidents of sexual abuse.

1.    Offenders who are seeking resolution for non-resolved issues must:

a.    Legibly complete an Offender's Grievance, DOC 0046, for all grievances other than protective custody denials.  Grievances concerning protective custody denials shall be documented on the Protective Custody Status, DOC 0054.

b.    Submit the DOC 0046 and other pertinent information, such as the disciplinary report, Program Unit or Adjustment Committee summary, or contraband slip to the:

(1)    Chief Administrative Officer for emergency grievances in which there is substantial risk of imminent personal injury, sexual abuse or other serious or irreparable harm to self.

(2)    Administrative Review Board (ARB) for issues involving involuntary administration of psychotropic medications; protective custody; another facility other than for personal property or medical issues; or grievances not resolved by the Chief Administrative Officer.

(3)    Counselor for all issues except those issues addressed in Paragraph II. E.1. and issues involving discipline and alleged incidents of sexual abuse.

(4)    Grievance Officer for issues involving discipline at the present facility or issues that have not been resolved by the Counselor.

2.    For issues being sent to the Chief Administrative Officer:

a.    The Chief Administrative Officer shall review the offender's grievance to determine if there is a substantial risk of imminent personal injury or other serious harm to the offender.  The Chief Administrative Officer shall document the review and determination in the "Emergency Review" section of the DOC 0046.

(1)    If the grievance is marked as an emergency and is substantiated, the Chief Administrative Officer shall expedite the grievance review and response process.  The Chief Administrative Officer shall notify the offender in writing of the decision.

**Illinois** Department of **Corrections**

| ADMINISTRATIVE DIRECTIVE | Effective 5/1/2017 | Page 4 of 7 | Number 04.01.114 |
|---|---|---|---|

(2)     If the emergency grievance is not substantiated, the Chief Administrative Officer shall so indicate in writing and return the grievance form to the offender.

b.     If the offender rejects the Chief Administrative Officer's decision, he or she must forward a copy of the grievance form that includes the Chief Administrative Officer's decision to the emergency request through the normal review process.

3.     For issues being sent to the ARB, the ARB shall review and respond to the grievances in accordance with Administrative Directive 04.01.115.

4.     For issues being sent to the Counselors:

a.     The Counselor shall:

(1)     Confer with the offender, if necessary, and clarify and attempt to resolve the issues grieved;

(2)     Legibly complete the "Counselor's Response" section of the DOC 0046 documenting pertinent information reviewed; and

(3)     Return the DOC 0046 to the offender with his or her response or instructions to forward the grievance to the Grievance Officer or ARB, whichever is appropriate.

b.     If the offender rejects the Counselor's response, he or she must forward a copy of the DOC 0046 that includes the Counselor's response to the Grievance Officer.

5.     For issues being sent to the Grievance Officer:

a.     The Grievance Officer shall:

(1)     Review grievances on a weekly basis.

(a)     Grievances regarding alleged discrimination based on disability or denied requests for accommodation to access programs, activities, or services based on disability, shall be promptly forwarded to the facility Americans with Disability Act (ADA) Coordinator who shall:

i.     Within five business days of receipt, begin the investigation of the allegations, including interactive dialogue with the offender, to identify physical and mental limitations and what accommodations may enable access. Interactive dialogue shall be documented in the Case History and Management Program System (CHAMPS);

ii.     Determine if the allegation is an ADA issue. Non-ADA grievances shall be promptly returned to the Grievance Officer.

*Illinois Department of **Corrections***

| ADMINISTRATIVE DIRECTIVE | Effective 5/1/2017 | Page 5 of 7 | Number 04.01.114 |
|---|---|---|---|

        iii.    Complete and submit the "Grievance Officer's Report" section of the Response to Offender's Grievance, DOC 0047, including his or her recommendations to the Chief Administrative Officer for final determination.

        iv.    Issue, or arrange for issue, permits and approval for reasonable accommodation in accordance with the Chief Administrative Officer's final determination.

        v.    Notify the Agency ADA Compliance Officer of ADA accommodations.

    (b)    Grievances identified as a Health Insurance Portability and Accountability Act (HIPAA) issue involving the privacy of medical records, access to medical records, restriction of medical records, or an error in medical records shall be promptly forwarded to the Facility Privacy Officer. The Facility Privacy Officer shall:

        i.    Conduct investigations as necessary; and

        ii.    Complete and submit to the Chief Administrative Officer the "Grievance Officer's Report" section of the DOC 0047 including his or her written recommendations.

(2)    Examine and document all relevant information and documentation concerning the issue being grieved, including interviewing witnesses.

(3)    Attempt to resolve offender issues that remain unresolved through means such as counseling, goal setting, and conflict resolution.

(4)    Based on the seriousness of the issue being grieved, meet with the offender. Issues that require face to face meetings include, but are not limited to, issues that are life threatening and issues involving the use of force, allegations of incidents of sexual assault and the safety and security of the facility.

(5)    Legibly complete the "Grievance Officer's Report" section of the DOC 0047, documenting any attempts to resolve the grievance and relevant information discovered during the review process.

(6)    Submit the DOC 0047 and recommendations to the Chief Administrative Officer for final decision.

b.    The Chief Administrative Officer shall make reasonable efforts within two months of the receipt of the grievance to:

(1)    Review the material submitted by the Grievance Officer, facility ADA Coordinator, or Facility Privacy Officer, respectively.

**Illinois** Department of **Corrections**

| ADMINISTRATIVE DIRECTIVE | Effective 5/1/2017 | Page 6 of 7 | Number 04.01.114 |
|---|---|---|---|

(2)    Render and document the decision in the "Chief Administrative Officer's" section of the DOC 0047.

(3)    Forward a copy of the completed DOC 0047 to the offender and to the Records Office for inclusion in the offender's master file.

(4)    If applicable, notify the facility ADA Coordinator of his or her final determination.

c.    If the offender rejects the Grievance Officer's response and Chief Administrative Officer's decision and wishes to appeal the decision, he or she must within 30 days of the date of the Chief Administrative Officer's decision:

(1)    Sign the "Offender's Appeal to the Director" section of the DOC 0047; and

(2)    Forward a copy of the DOC 0046 that includes the Counselor's Response and a copy of the DOC 0047 to the ARB.

6.    Grievances alleging sexual abuse:

a.    An offender may submit the grievance without submitting it to any staff member who is the subject of the complaint.

b.    No grievance shall be referred to any staff member who is the subject of the complaint.

c.    The Department shall issue a final decision on the merits of any portion of a grievance alleging sexual abuse within 90 days of the initial filing of the grievance.

(1)    Computation of the 90-day time period shall not include time consumed by the offender in preparing any administrative appeal.

(2)    The Department may claim an extension of time to respond, of up to 70 days, if the normal time period for response is insufficient to make an appropriate decision. The offender shall be notified, in writing, of such extension and provided with a date by which a decision will be made.

**NOTE**: At any level of the grievance process, if the offender does not receive a response within the time allotted for reply, including any properly noticed extension, the offender may consider the absence of a response to be a denial at that level.

d.    Third parties, including other offenders, staff members, family members, attorneys, etc., shall be permitted to assist offenders in filing grievances relating to allegations of sexual abuse, and shall also be permitted to file such requests on behalf of the offender.

**NOTE**: The Department shall require, as a condition of processing the grievance, the alleged victim to agree to have the grievance filed on his or her behalf. If the alleged victim declines, the decision shall be documented.

*Illinois* Department of **Corrections**

| ADMINISTRATIVE DIRECTIVE | Effective | Page | Number |
|---|---|---|---|
| | 5/1/2017 | 7 of 7 | 04.01.114 |

   e.   For emergency grievances alleging an offender is subject to a substantial risk of imminent sexual abuse, the Department shall provide an initial response within 48 hours, and shall have a final decision provided within five calendar days.  The initial response and final decision shall document the Department's determination whether the offender is in substantial risk of imminent sexual abuse and the action taken in response to the emergency grievance.

**Authorized by:**

*[Original Authorized Copy on File]*
**John R. Baldwin**
**Acting Director**

Supersedes:
04.01.114                     AD                     1/1/2016

STATE OF ILLINOIS )
                  ) ss.
COUNTY OF KNOX    )


## AFFIDAVIT


I, William Fulgham, do hereby declare and affirm that the following information within this Affidavit is true and correct in substance and in fact, and I am competent to testify to the same.

1.   I am an inmate, incarcerated within the Illinois Department of Corrections, and under the custody, care, and control of the Hill Correctional Center, Galesburg, Illinois 61402.

2.   On May 21, 2018, I was subjected to the use of excessive force by Correctional Officer Beau Admire, at the Hill Correctional Center.

3.   On May 22, 2018, I wrote and submitted an Offender's Grievance to the Hill Correctional Center's Grievance Office stating in detail that I "had a call pass to go to Personal Property to pick up my fan.  C/O Hillard popped the door for me to go out, two other inmates were with me.  When we go outside it's raining.  When we get to the inner Two House gate we have to wait because it's closed.  C/O Humes tells us to go back in Two House, we were too late to go on our passes.  So we go back into Two House.  When we get back into the house C/O Hillard asked us why we came back in and we told him what C/O Humes told us.  C/O Hillard then told us we weren't late and to go back out and go on our pass.  So again, me and the other two inmates go back out into the rain and up to Two House gate and again we're met by C/O Humes who says, "I just told y'all to go back in the housing unit."  One of the other inmates tell C/O Humes what C/O Hillard told us and C/O Humes then says, "Fuck it, stand in the rain then," and he began to walk away.  As he's walking away I'm asking him to speak to a Lieutenant but he doesn't respond. At this time C/O Admire walks out of the booth where the C/O sits, and yells, "Go the fuck back into the house" across the walk as he walking to Two House

gate.  When he's close enough I say, "I asked to speak to a Lieutenant" and C/O Admire responds "I don't give a fuck what you want" and I respond "I don't give a fuck what you want, you ain't got no kids out here."  C/O Admire then calls up to the tower and has them open the Two House gate.  The gate opens and C/O Admire walks up to me aggressively, he says, "Either go the fuck back into the house or turn around and cuff up."  I chose to turn around and cuff up.  I turned around and put my hands behind my back and C/O Admire aggressively takes my left hand and twist it behind my back and says, "You must not know who I am" and I respond, "I don't give a fuck who you are."  He (C/O Admire) takes my right hand (aggressively) and put the cuff on before he clicks it all the way close, he sweeps kicks me (while handcuffed) and slams me on my face, on concrete, in the rain at Two House gate.  Lieutenant        came running over and told C/O Admire to get off me and Lieutenant and another C/O walked me to seg."

4.  On May 22, 2018, I placed my Offender's Grievance (described in #3 above) through the cell door of my assigned segregation cell for mailing, as is the proper procedure for outgoing mail in the Segregation Unit, to be picked up by a segregation officer.

5.  On May 23, 2018, my Offender's Grievance was received by Primary Grievance Officer, John Frost.  (Exhibit A, p. 1 aatached hereto)

6.  On May 23, 2018, Primary Grievance Officer, John Frost sent me a "Return of Grievance" form checking the reason being, "Iclude copies of the Disciplinary Report and the Adjustment/Program Committee Final Summary when submitting a grievance on an IDR, as indicated in A.D. 04.01.114. (Exhibit A, p. 1 attached hereto)

7.  On or about June 15, 2018, I resubmitted my Offender's Grievance dated May 22, 2018, to the Hill Correctional Center's Grievance Office, by asking C/O Pumphrey to staple my May 22, 2018 Offender's Grievance, plus two additional Offender's Grievances, together and to turn them in for me.

2.

8.   On July 08, 2018, I wrote to Counselor Beams, that "I resubmitted my Grievance about being assaulted by C/O Admire as the Grievance Officer told me to do and it has been a month without a response." And asked, "Please check on the Grievance for me." (Exhibit A, p. 6 attached hereto)

9.   On July 19, 2018, Counselor Beams sent me a Counseling Summary noting, "the Grievance you submit was never receive in this office and the Grievance Officer never received it from the housing unit or logged a grievance about staff conduct against C/O Admire from you. The only grievance that has been received from you are the ones that has been answered."
(Exhibit A, p. 7 attached hereto)

10.   Shortly after receiving Counselor Beams' Counseling Summary, dated July 19, 2018, I spoke to C/O Pumphrey and he assured me that he remembered my Offender's Grievance about C/O Admire and remembered putting it in the box for dleivery to the Grievance Office.

11.   On July 25, 2018, I wrote to Counselor Beams, advising, "C/O Pumphrey turned the Grievance in for me" and asking, "Did you ask C/O Pumphrey about the Grievance? If not, please do. He will verify that he mailed it for me." (Exhibit A, p. 11 attached hereto)

12.   In the last week of July 2018 I had personally spoken to Counselor Beams concerning my Grievance dated 5-22-2018, and the details of C/O Amire's use of excessive force. Counselor Beams instructed me to re-write my Grievance and send the Grievance to him, and he would make sure the incident would be thoroughly investigated and addressed.

13.   On July 31, 2018, I wrote to Counselor Beams advising that I had re-written my Grievance pertaining to the assault committed against me by C/O Admire, and that the Grievance was attached to this letter.
(Exhibit A. p. 13-15 attached hereto)

14.  On September 15, 2018, I sent a letter to the Grievance Officer advising, "As of this date, I have still not received a response to my Greivance concerning C/O Admire's use of excessive force against me. Please respond ASAP." (Exhibit A. p. 18 attached hereto)

15.  I wrote letters, dated December 15, 2018, January 21, 2019, March 10, 2019, September 19, 2019, January 20, 2020, November 15, 2020, (Exhibit A, p. 19-24 attached hereto) to Hill Correctional Center Officials to request help in obtaining a response to my Grievance that I resubmitted to Counselor Beams on July 31, 2018.  None of the Hill Correctional Center Officials responded to my letters.

16.  On May 17, 2021 I wrote to the Illinois Department of Corrections' Administrative Review Board seeking direction, guidance, and information, regarding grievance procedure delays in effect at the Hill Correctional Center. I provided the Administrative Review Board with the fact that I had been the recipient of the "Use of Excessive Force" by a correctional officer at the Hill Correctional Center, that I filed a detailed Grievance on the incident, and that the Grievance office has yet to respond after nearly Two Years. (Exhibit A. p. 25-26 attached hereto)  The Administrative Review Board has never responded to this letter.

17.  On June 21, 2021, I sent the Illinois Department of Corrections Administrative Review Board a follow-up letter to my May 17, 2021 letter, and attached copies of numerous letters, plus a copy of the Grievance I was instructed to resubmit, I sent to Hill Correctional Center Officials, in regard to my delayed Grievance response, and I again requested direction, guidance, and information as how to proceed.  (Exhibit A, p. 27 attached hereto)

18.  On July 06, 2021, Illinois Department of Corrections' Administrative Review Board Member Sherry Benton sent me an Administrative Review Board Return of Grievance or Correspondence form failing to address my letters. Instead, Ms. Benton checked a box, "Not submitted in the timeframe outlined in Departmental Rule 504; therefore this issue will not be addressed further." Then writing, "Doesn't meet DR 504F. No review can be given. 1st submission to ARB on issue." (Exhibit A, p. 28 attached hereto)

19.  On July 19, 2021, I wrote another letter to Ms. Sherry Benton, of the Administrative Review Board, indicating receipt of her July 06, 2021 mailing.  I again requested "WHAT CAN I DO...IF THE GRIEVANCE OFFICE WILL NOT ADDRESS MY GRIEVANCE...AFTER 3-YEARS ???" (Exhibit A. p. 29 attached hereto)  Ms. Benton has never responded to this letter.

20.  On December 29, 2021, I filed a Complaint against C/O Beau Admire in the United States District Court, Central District of Illinois, Peoria Division, Case Number 21-cv-4218-JBM, under U.S.C. § 1983 seeking damages against Beau Admire for his use of excessive force against me on May 21, 2018.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that everything contained herein is true and accurate to the best of of knowledge and belief. I do declare and affirm that the matter at hand is not taken either frivolous or malicious and that I believe the foregoing matter is taken in good faith.

Signed this 27 day of December 2022.

/s/ _William Fulgham_

William Fulgham, Affiant

State of Illinois   )
                    )
County of Knox      )

Subscribed and attested to before me
this ___ day of December 2022.

_NA_

NOTARY PUBLIC

Bruce Rauner
Governor



RECEIVED John Baldwin
Acting Director

JUN 28 2021

ADMINISTRATIVE
REVIEW BOARD

## The Illinois Department of Corrections

Hill Correctional Center
600 Linwood Road, P.O. Box 1700 • Galesburg, IL 61401 • (309) 343-4212 TDD: (800) 526-0844

### *RETURN OF GRIEVANCE*

Date: 05-23-2018

To: FULGHAM , IDOC# R54004  H.U.: 5-01-12

From: John Frost, Primary Grievance Officer

Subject: Grievance Dated 05-22-18  Date Received 05-23-2018

**The attached Grievance(s) / Correspondence is being returned for the reason(s) listed below:**

_____ Not Properly Filed; *Non-emergency* grievances are to be submitted in the Grievance Box located in your housing unit. *Emergency* grievances should be mailed directly to the Warden's Office.

_____ Not submitted in 60 day time frame outlined in DR 504, Subpart F; therefore issue will not be addressed. No justification for late consideration is found.

☒ Include copies of the Disciplinary Report and the Adjustment/Program Committee Final Summary when submitting a grievance on an IDR, as indicated in A.D. 04.01.114.

_____ Issue has been addressed in a previous grievance you filed. Per DR 504, Subpart F, grievances that have previously been addressed *for which there is no additional information* are deemed without merit and may be returned as denied to the sender without further investigation.

_____ Per DR504 "The *original* grievance form shall be deposited in the...designated repository." Do not submit a photocopy.

_____ The CAO has determined that the grievance you marked as an "Emergency" is not of an emergent nature. Submit the grievance in the Grievance Box if you wish to continue the process.

_____ Per A.D. 04.01.114, if you do not agree with the CAO determination that a grievance is not an emergency, you "must forward a copy of the grievance form that includes the Chief Administrative Officer's decision to the emergency request through the normal review process."

_____ Other: _____

_____

_____

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

July 8, 2018                                    COPY

Counselor Beams,

I Re-Submitted my Grievance About Being Assaulted By C/o Admire
as The Grievance Office Told me To Do it, it Has Been A month without
a Response.

A Review of The Video captured outsids of 2-House, on 5-21-18, will show
That C/o Admire Slammed me To The Ground while I was Handcuffed Behind
my Back, with Malicious intent To Cause me Harm.

Please Check on The Grievance For me.

Thank you.

William Fulgham
R-54064

**RECEIVED**

JUN 28 2021

ADMINISTRATIVE
REVIEW BOARD

EX. A, pg 6

# State of Illinois - Department of Corrections

## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | R54004 | **Counseling Date** | 07/19/18 13:56:29:180 |
| **Offender Name** | FULGHAM, WILLIAM | **Type** | Collateral |
| **Current Admit Date** | 07/14/2006 | **Method** | Other |
| **MSR Date** | 11/28/2026 | **Location** | HIL   CLINICAL SERVICES |
| **HSE/GAL/CELL** | R1-D -76 | **Staff** | BEAMS, GARETH L., Correctional Counselor II |

Note to inmate - the grievance that you submit was never receive in this office and the grievance officer never received it from the housing unit or logged a grievance about staff conduct against C/O Admire from you.  The only grievances that has been received from you are the ones that has been answered.

**RECEIVED**

JUN 2 8 2021

ADMINISTRATIVE
REVIEW BOARD

EX. A, pg 7

**Print Date  7/19/2018**

July 25, 2018

My Copy

Counselor Brams,

I received your response to my grievance dated 7-21-18, concerning my grievance dated 5-22-18, having not been responded to.

You again stated my 5-22-18 grievance has not been received by your office, or the grievance office.

As I stated within my 7-21-18 grievance c/o Pumphrey turned the grievance in for me. Did you ask c/o Pumphrey about the grievance? If not, please do. He will verify that he mailed it for me.

Within my grievance dated 7-21-18, I asked: "If I need to rewrite my grievance about the incident with c/o Holmes, please let me know asap". You did not provide instruction within your counselor's response. Please let me know how to proceed.

Thank you

William Fulgham
R. 5'00"
1-12-76

RECEIVED
JUN 28 2021
ADMINISTRATIVE
REVIEW BOARD

EX. A, pg 11

COPY

July 31, 2018

Counselor Beems,

When I spoke To you earlier This week, you instructed That I Rewrite my Grievance pertaining To The Assault committed against me By Ed Admire, & That you would make sure This Incident would Be Thoroughly investigated & Then Addressed.

My Grievance is Attached To This letter.

Thank you For your Help in This matter

william Fulgham
R. 54024
1-A-76

RECEIVED

JUN 28 2021

ADMINISTRATIVE
REVIEW BOARD

EX. A, pg. 13

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE

| | | |
|---|---|---|
| Date: 7/31/18 | Offender: (Please Print) William Fulgham | ID#: R-54004 |

Present Facility: Hill Correctional Center | Facility where grievance issue occurred: Hill Correctional Center

**NATURE OF GRIEVANCE:**

☐ Personal Property  ☐ Mail Handling  ☐ Restoration of Good Time  ☐ ADA Disability Accommodation
☑ Staff Conduct  ☐ Dietary  ☐ Medical Treatment  ☐ HIPAA
☐ Transfer Denial by Facility  ☐ Transfer Denial by Transfer Coordinator  ☐ Other (specify):

☑ Disciplinary Report: 5 / 21 / 18    Hill Correctional Center
   Date of Report    Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): On 5/21/18, I, inmate Fulgham, Had a call pass to go to property to pick up my fan. C/O Hillard opped the door for me to go out. Two other inmates were with me. When we go outside it's raining. When we get to the inner Two House, gate we have to wait because it's closed. C/O Humes Tells us to go back in Two house/we were too late to go on our passes. So we go back into Two House. When we get back into the house C/O Hillard asked us why we came back in & we told him what C/O Humes Told us. C/O Hillard Then Told us we weren't lots of to go back out & go on our pass. So again, me & the other Two inmates go back out into the rain & us to Two house gate. & again, were met by C/O Humes who says "I just told y'all to go back in the

Relief Requested: C/O Humes to be fired & I would like to press charges on C/O Humes for assulting me while in hand cuff. & I ask that the camera footage from 5/21/18 be saved for further review (From Two house walk/gate).

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

William Fulgham    R-54004    / /
Offender's signature    ID#    Date
(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

Date Received: / /    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response:

Print Counselor's Name    Counselor's Signature    Date of Response

RECEIVED

**EMERGENCY REVIEW**

JUN 28 2021

Date Received: / /    Is this determined to be of an emergency nature?    ☐ Yes; expedite emergency grievance  ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

ADMINISTRATIVE REVIEW BOARD

Chief Administrative Officer's Signature    Date

Distribution: Master File; Offender    Page 1    EX. A, pg. 14    DOC 0046 (8/2012)

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE (Continued)**

Handing unit." one of the other inmates tell % Humes what % Hillard told us & % Humes Then says "fuck it, stand in the rain then", & He began to walk away. As He's walking away I'm asking Him to speak to a LT. But He doesn't respond. At this time % Admins walks out of the booth where The % s.t/&/ yells, "Go The fuck back into the house". Across The walk as He walking to TwoHouse gate. when He close enough I say "I asked to speak to a LT", & % Admins responds "I don't give a fuck what you want & I respond "I don't give a fuck what you want, you ain't got No K…s out here" % Admins then calls up to the tower & has them open two house gate. The gate opens & as % Admins walks up to me aggressively He says "either go the fuck back into the house or turn around & cuff up". I chose to turn around & cuff up. I turn around & put my hands behind my back & % Admins aggressively Takes my left hand & twist it behind my back & says "you must not know who I am", & I respond "I don't give to fuck who you are". He (% Admins) takes my right hand (aggressively) & put the cuff on & before He clicks it all the way close, He sweeps Kicks me (while Handcuffed) & slams me on my face, on concret, in the rain as Two House gate. LT ———— came running over & told % Admins to get off of me, & LT & another % walked me to seg. This is my (3d) time putting This grievance in. The (1) time it was sent back Because I didn't have the J.P. & The summary with it. The (2) Time I was told by (counselor Beams) That it was lost or thrown away Because The grievance officer Never got it. But % Humphrey is The one who stapled them & put Them into the box for me Because we were on lockdown. I Later told Humphrey about it (The grievance) coming up missing & He said He remembers The grievance & What it was about, & the other Two grievances I Turned in with it & He remembers Turning The all in.

RECEIVED

JUN 28 2021

ADMINISTRATIVE
REVIEW BOARD

EX. A, pg. 15

September 15, 2018

GRIEVANCE OFFICER,

As of This Date, I Have Still Not Received a Response To m
Grievance Concerning C/o Admire's use of Excessive force Against me.

Please Respond ASAP.

Thank you.

William Fulgham
R-57004

RECEIVED

JUN 28 2021

ADMINISTRATIVE
REVIEW BOARD

EX. A, pg. 18

December 15, 2018


Clinical Services Supervisor,

I have had a grievance pending review by the grievance office for almost 5 months without receiving a response. I have written for a response but have not received any.

My grievance concerning c/o Admin's use of excessive force against me.

Please write me back -- Nobody else will.


Thank you.

William Fulgham
R-54001

RECEIVED

JUN 28 2021

ADMINISTRATIVE
REVIEW BOARD

EX. A, pg. 19

January 21, 2019

GRIEVANCE OFFICE,

I'm writing to check on my grievance against C/o Admire that remains pending in your office.

Can you tell me when I can expect a response? Is there an investigation of C/o Admire going on?

Please let me know what's going on.

William Fulgham
R-54004

RECEIVED

JUN 28 2021

ADMINISTRATIVE
REVIEW BOARD

March 10, 2019

Warden Dorethy.

It seems there's a "cover-up" in process into %Admin's's use of excessive Force on me. I wrote a Grievance — & it has been almost a year Pending in The Grievance office, & Nobody will let me know what's going on.

Please Instruct The Grievance officer To Respond To my Grievance.

Thank you.

William Fulgham
R-54004

RECEIVED

JUN 28 2021

ADMINISTRATIVE
REVIEW BOARD

September 19, 2019

Counselor Friend,

I have already written to everybody else, so hopefully you will be able to help me.

I have a grievance pending for over a year against C/O Admire for assaulting me outside 2-House.

I've already been advised that the grievance office has no time-frame to respond --- But at what point is this non-response considered to be an intentional interference with the grievance proceeding?

Please tell me how to proceed.

Thank you

William Fulgham
R.54004

**RECEIVED**

JUN 2 8 2021

ADMINISTRATIVE
REVIEW BOARD

EX. A, pg 22

January 20, 2020

Grievance Office,

Its almost Two full years since I filed my Grievance against C/o Admir
for assaulting me in front of 2-house on The sidewalk. Please Respond
To This Grievance so I can continue on To The Third stage of Review.
Delaying my Grievance procedure Does not make C/o Admire's Assault on
me go away.

Please Respond Asap.

William Fulgham
R.54001

RECEIVED

JUN 2 8 2021

ADMINISTRATIVE
REVIEW BOARD

EX. A, pg. 23

November 15, 2020

Warden Brannon,

I have had a grievance pending review in the grievance office since 2018, against C/O Admire, for his use of extreme excessive force against me, when C/O Admire slammed me to the sidewalk outside 2-House -- while I was handcuffed from behind. It is obvious that when complaints against C/O's use of force at Hill CC. are made --- The grievance officer does not set-in-stone any timeframe for response. Two years must be considered an abuse of D.R. 504.

Please instruct the grievance office to respond to my grievance so I can proceed to the next level of review.

Thank you for your help

William Fulgham
R-54004

**RECEIVED**

JUN 2 8 2021

ADMINISTRATIVE
REVIEW BOARD

EX. A, pg 24

May 17, 2021


William Fulgham, #R-54004

Hill Corr. Center
P.O. Box 1700
Galesburg, Il 61402

**RECEIVED**

JUN 2 8 2021

ADMINISTRATIVE
REVIEW BOARD


IDOC Admin. Review Board

1301 Concordia Court
Springfield, Il 62794


Dear A.R.B.,

This correspondence comes to your attention in seeking direction, guidance, and information, regarding grievance procedure delays in effect at the Hill Correctional Center.

Specifically, I have been the recipient of the "Use of Excessive Force" by a correctional officer, at the Hill Correctional Center. I have filed a detailed grievance on the incident, and the grievance office has yet to respond to my grievance -- and it has been nearly TWO YEARS !!

The Hill Correctional Center Counselors, and Grievance Officers, rely upon Departmental Rule 504, subpart F, which fails to state a specific timeframe within which they are required to provide a response to grievances.

At what point does this delay become intentional and/or a protective measure for the correctional officer involved with this incident?

EX. A, pg. 25

After nearly TWO YEARS can I bypass the grievance office here at the Hill Correctional Center -- and look for the ARB to resolve this incident?

Any further delay in response to this grievance must be considered that the Hill Correctional Center is making the grievance procedure "unavailable" to this grievant.  What direction will the ARB provide?

Please forward to me, at the above address, your direction, guidance, and information regarding this delay in the grievance procedure, upon receipt of this correspondence.

Thank you for your assistance and I look forward to your mailing in the near future.

Sincerely,

William Fulgham

Cc: file.

**RECEIVED**

JUN 2 8 2021

ADMINISTRATIVE
REVIEW BOARD

June 21, 2021

**RECEIVED**

JUN 28 2021

ADMINISTRATIVE
REVIEW BOARD

William Fulgham, R-54004

Hill Corr. Center
P.O. Box 1700
Galesburg, Il 61402


IDOC, Admin. Review Board

1301 Concordia Court
Springfield, Il 62794

RE: <u>FOLLOW-UP TO MAY 17, 2021 LETTER.</u>

Dear A.R.B.,

This mailing comes to follow-up on my correspondence dated May 17, 2021, wherein I requested your direction, guidance, and information, regarding grievance procedure delays in effect at the Hill Correctional Center.

As of this date, I have not received any mailing from your office.

Find attached hereto, numerous letters that I have sent to prison officials in regard to my delayed grievance response. NONE of these letters have been responded to, as if to cover-up this use of excessive force allegation against c/o Admire.

Please instruct me in how to proceed in this regard.

Thank you for your attention to this matter and I look forward to your response in the near future.

Sincerely,

William Fulgham

Xc: file.

EX. A, pg. 27

ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
## Return of Grievance or Correspondence

**Offender:** Fulgham          William          R54004

Last Name          First Name          MI          ID#

**Facility:** Hill

☑ Grievance: Facility Grievance # (if applicable) _____ Dated: 7/21/18 or ☐ Correspondence: Dated: _____

Received: 6/28/21 Regarding: c/o Admire 5/21/2018, Ticket 5/21/18

Date

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**

☐ Provide your original written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.

☐ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal; if timely.

☐ Provide dates when incidents occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to: Administrative Review Board, Office of Inmate Issues, 1301 Concordia Court, Springfield, IL 62794-9277

**Misdirected:**

☐ Contact your correctional counselor or Field Services regarding this issue.

☐ Request restoration of Statutory Sentence Credits to Adjustment Committee. If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property and medical issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns in a letter to: Illinois Prisoner Review Board, 319 E. Madison St., Suite A, Springfield, IL 62706

**No further redress:**

☐ Award of Earned Discretionary Sentence Credit is a discretionary administrative decision; therefore, this issue will not be addressed further.

☐ Administrative transfer denials are discretionary administrative decisions; therefore, this issue will not be addressed further.

☑ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ Administrative Review Board received the appeal 30 days past date of Chief Administrative Officer's decision; therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on _____
Date

☐ No justification provided for additional consideration.

**Other** (specify): Doesn't meet DR 504 F. no review can be given. 1st submission to ARB on issue. S. Benton

Completed by: Sherry Benton          S. Benton          7/6/21

Print Name          Signature          Date

Distribution: Offender
Inmate Issues

Printed on Recycled Paper          EX. A, pg. 28          DOC 0070 (Rev. 3/2018)

July 19, 2021


Ms. Sherry Benton
IDOC, Admin. Review Board
1301 Concordia Court
Springfield, Il 62794


Re:  Your mailing of July 6, 2021


Dear Ms. Benton,

I am in receipt of your mailing, dated July 6, 2021, however, your response does not answer the question posed in my mailing to you.  Please advise to this circumstance;

> WHAT CAN I DO... IF THE GRIEVANCE OFFICE WILL NOT ADDRESS MY GRIEVANCE... AFTER 3-YEARS ???

According to the courts, refusing to address my grievance is considered making the grievance procedure 'unavailable'.

Refusing to address grievances against staff at the Hill Correctional Center is common practice... as if this is the unwritten policy for this facility.

Please adivse as to what course of action I can take in this regard.

Thank You!


William Fulgham
R-54004 / P.O. Box 1700
Hill Correctional Center
Galesburg, Il 61402


EX. A, pg 29

To: Whom it may Concern,

        This paperwork was To Be Filed on The 27 (12/27/22). But Due To The law library Clerk (MR. S) Being out Due To Covid; I was not Able To get it out; Because I was under The impression That it couldn't Be Turned in without Being notarized. & again, Due To (MR.S) Being out I was unable To use The E-Filing System To Have This Sent in on Time. So Im askin For Consideration Due To The lack of Availability &/or Access To The law library & it's Resources.

                              Thank you For your
                              Consideration.

Date: 1/1/23



US POSTAGE 🗲 PITNEY BOWES
ZIP 61401 $ 009.00⁰
02 4M
0000373461 JAN 03 2023

Judge Joe Billy McDade
Ic/o Clerk, U.S. District Court
100 N.E. Monroe Street #Room 309
Peoria, Ill 61602

Priority Mail

William Fulgham
R-54004
P.O. Box 1700
Galesburg, Ill 61401

PRIORITY
★ MAIL ★

TRACKED
★ ★ ★
INSURED

UNITED STATES
POSTAL SERVICE®

For Domestic and International Use

Label 107PL May 2014

LEGAL MAIL

UNITED STATES
POSTAL SERVICE®

USPS TRACKING #

LA04408, Aug. 2013
7690-17-000-0699

9114 9023 0722 4543 7940 48