UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| WILLIAM FULGHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 21-cv-4218-JBM |
| | ) | |
| BEAU ADMIRE, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff, proceeding *pro se* and incarcerated at Hill Correctional Center ("Hill"), brought this lawsuit pursuant to 42 U.S.C. § 1983 alleging that Defendant Beau Admire, a correctional officer, used excessive force against him in violation of the Eighth Amendment. This matter is now before the Court on Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 24) and Plaintiff's Response (Doc. 27). For the reasons stated below, Defendant's Motion is GRANTED.

**Legal Standard**

Defendant seeks relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure. He asserts that Plaintiff's Complaint is time-barred by the statute of limitations. "Where a plaintiff alleges facts sufficient to establish a statute of limitations defense, the district court may dismiss the complaint on that ground." *Orgone Cap. III, LLC v. Daubenspeck*, 912 F.3d 1039, 1044 (7th Cir. 2019); *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015); *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). The Court takes Plaintiff's factual allegations as true and gives him the benefit of all reasonable inferences. *Id.*

**Analysis**

Federal courts, in determining the statute of limitations for § 1983 claims, adopt the forum state's statute of limitations for personal injury claims. *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 2022) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). Illinois law provides a two-year statute of limitations for personal injury actions. *Kelly*, 4 F.3d at 511 (citing 735 ILCS 5/13-202). Federal law determines when the claim accrues. *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992). Generally, a claim accrues when the plaintiff knows, or has a reason to know, of the injury giving rise to the cause of action. *Id.* A claim of excessive force accrues immediately. *Elcock v. Whitecotton*, 434 F. App'x 541, 542-43 (7th Cir. 2011) (citing *Evans v. Poskon*, 603 F.3d 362, 363-64 (7th Cir. 2010)). The limitations period is tolled while a prisoner completes the administrative grievance process. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013) (citing *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001)). However, failure to comply with mandatory grievance procedures makes tolling of the statute of limitations unavailable. *Santiago v. Snyder*, 211 F. App'x 478, 480 (7th Cir. 2007) (citing *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002)).

Plaintiff alleges that Defendant used excessive force against him on May 21, 2018. (Doc. 1 at 9-10). Defendant argues that the statute of limitations for Plaintiff's claim expired two years later on May 21, 2020, and that Plaintiff's Complaint is time barred because he did not file it until December 29, 2021. (Doc. 1). Defendant also argues that tolling is inapplicable because the grievance records attached to Plaintiff's Complaint show that he failed to properly comply with the grievance process at Hill.

Plaintiff submitted his first grievance the day after the alleged incident on May 22, 2018. (Doc. 1 at 18). The Grievance Officer returned Plaintiff's grievance on May 23, 2018, and

instructed him to resubmit the grievance with "copies to the <u>Disciplinary Report</u> and the Adjustment/Program Committee <u>Final Summary</u>." *Id.* at 18 (emphasis in original). Plaintiff claims that he resubmitted his first grievance with a copy of his disciplinary report on May 31, 2018 (hereinafter "first grievance"). (Doc. 1 at 31). In a Counseling Summary dated July 19, 2018, Plaintiff's Counselor, Gareth Beams, notified Plaintiff that the facility never received his first grievance on May 31, 2018, and had no record of it. *Id.* at 24. Plaintiff argues that Mr. Beams failed to provide any guidance, direction, or information about how to proceed. (Doc. 27 at 6; Doc. 1 at 28).

Plaintiff filed a second grievance on July 21, 2018, stating that he never received a response to his first grievance (hereinafter "second grievance"). (Doc. 1 at 25). On July 23, 2018, Plaintiff received a response to his second grievance from Mr. Beams, stating: "Again that grievance that you submitted was never received at this office and the grievance officer never received it from the housing unit or logged a grievance about staff conduct against c/o Admire from you. The only grievances that have been received from you are the ones that have been answered." *Id.* Plaintiff argues that Mr. Beams failed to address the crux of his grievance concerning the assault by Defendant Admire. (Doc. 27 at 6).

Rather than resubmitting the first grievance and the disciplinary report as instructed, Plaintiff sent letters to the prison and the Administrative Review Board ("ARB") demanding that the prison respond to the first grievance. (Doc. 1 at 28, 30, 34-44). Plaintiff had been told on July 19, 2018 and July 23, 2018, that the Grievance Office did not have any record of his first grievance, but Plaintiff continued to wait for a response to this grievance, a grievance he knew had not been received by the prison.

The grievance records attached to Plaintiff's Complaint show that the facility responded to Plaintiff in a timely manner. For example, the facility responded to Plaintiff one day after he submitted his grievance on May 22, 2018, and directed him to resubmit his grievance with a copy of the disciplinary report. The facility responded to Plaintiff's second grievance two days later, on July 23, 2018. Yet, Plaintiff continued to correspond directly to the ARB regarding the May 31, 2018 grievance. *Id.* at 28, 30, 34-44.

The ARB received Plaintiff's second grievance on June 28, 2021. *Id.* at 45. On July 6, 2021, the ARB returned Plaintiff's second grievance because it was not timely submitted to the ARB. *Id.* Plaintiff does not provide any explanation as to why he waited three years, or until June 2021, to appeal his second grievance (dated July 21, 2018) to the ARB, even though the facility responded to his second grievance *two days* after he filed it on July 23, 2018. *Id.* at 25.

"Submission of a grievance directly to the ARB under the circumstances described by Plaintiff does not comport with Illinois's grievance procedure." *See Randle v. Simmons*, No. 19 C 6548, 2022 WL 15454407, at *2 (N.D. Ill. Oct. 27, 2022) (citing 20 Ill. Admin. Code § 504.870(a)). For example, in *Randle v. Simmons*, the inmate submitted grievances to the ARB directly because he believed that following the normal grievance procedures would be futile. *Id*. The court explicitly held that tolling based on administrative remedies did not apply because plaintiff failed to follow the proper grievance procedure. *Id*. (citing *Wells v. Spencer*, No. 11-1029, 2014 WL 1013864, at *2 (C.D. Ill. March 14, 2014)). The present case has nearly identical facts: Plaintiff complained to his Counselor that he did not receive a response to his first grievance dated May 31, 2018, and the Counselor confirmed to Plaintiff that the facility never received his first grievance. Despite this knowledge, Plaintiff continued to wait for an answer to his first grievance (and ultimately submitted the grievance documents directly to the ARB via letter) rather than properly following

grievance procedures. *See also Hill v. Bond*, 2015 WL 1166053, *3 (N.D. Ill. Mar. 11, 2015) (holding that "inmates fail to exhaust if they do nothing, do not follow up, do not ask for instruction, or fail [to] pursue the issue in any way – after hearing no response to a grievance").

Presumably, Plaintiff believed that he had completed the grievance procedure on July 6, 2021, but nothing had changed between July 2018 (when Counselor Beams informed Plaintiff twice that the facility never received his first grievance and when the facility responded to Plaintiff's second, July 21, 2018 grievance) and July 2021. Additionally, the July 21, 2018 grievance, which complains about an alleged lack of response to the first, May 31 grievance, was not properly or timely submitted to the ARB, and, therefore, cannot form the basis for tolling in this case.

Plaintiff chose to file his lawsuit over three and a half years after the incident giving rise to this lawsuit, a choice which has doomed his lawsuit as untimely. Moreover, Defendant was not on notice of the lawsuit until four years after the alleged incident. Plaintiff knew all of the facts necessary to bring his lawsuit in 2018. Plaintiff failed to follow the proper grievance procedure, and therefore, tolling is not available to him.

**IT IS THEREFORE ORDERED:**

1) Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [24] is GRANTED. This action is dismissed, with prejudice. Plaintiff takes nothing. The Clerk is directed to enter judgment and close this case.

2) If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(4).

3) If Plaintiff wishes to proceed *in forma pauperis* on appeal, his motion for leave to appeal *in forma pauperis* must identify the issues he will present on appeal to assist the Court in

determining whether the appeal is taken in good faith. FED. R. APP. P. 24(a)(1)(c); *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.

ENTERED:  4/21/2023

s/ Joe Billy McDade<br>
Joe Billy McDade<br>
United States District Judge