E-FILED
Thursday, 15 October, 2026 11:53:08 AM
Clerk, U.S. District Court, ILCD

**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

WILLIAM FULGHAM,
Plaintiff,

v.

BEAU ADMIRE,
Defendant.

Case No. 4:21-cv-04218-JEH-RLH

**Order**

This matter is now before the Court on Plaintiff's Opposed Motion for Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) (Doc. 79) and Defendant's Response (Doc. 80). For the reasons stated below, Plaintiff's Motion is DENIED.

**I**

On December 29, 2021, Plaintiff William Fulgham, proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Hill Correctional Center ("Hill"). (Doc. 1). On March 15, 2022, the Court entered a Merit Review Order allowing Plaintiff to proceed on an Eighth Amendment excessive force claim against Defendant Beau Admire. (Doc. 6).

On November 15, 2022, Defendant filed a Motion to Dismiss arguing that Plaintiff's Complaint, which was filed over two years after the alleged incident, was barred by the statute of limitations. (Doc. 24). Defendant also argued that Plaintiff's failure to comply with administrative remedy procedures prevented any tolling of his claim. *Id*. On April 21, 2023, the Court granted Defendant's motion and dismissed the suit. (Doc. 31).

On October 17, 2023, Plaintiff appealed the Court's decision, after his Motion for Alteration or Amendment of Judgment was denied on October 3, 2023. (Docs. 33, 38, 39). On June 20, 2025, the Seventh Circuit found that there had been insufficient evidentiary investigation to support the Court's findings regarding Plaintiff's alleged failure to comply with the administrative remedy procedures. (Doc. 54). The Seventh Circuit vacated the dismissal and remanded the case for further proceedings. *Id.*

On September 10, 2025, Defendant filed his Answer and Affirmative Defenses. (Doc. 60). Plaintiff retained counsel on October 30, 2025. (Doc. 65).

Discovery closed on September 9, 2026, and dispositive motions were due on October 9, 2026. (d/e 77). Plaintiff's deposition was scheduled for August 21, 2026. (Doc. 78). However, on August 20, 2026, Plaintiff filed a Motion for Voluntary Dismissal under Rule 41(a)(2). (Doc. 79). On September 2, 2026, Defendant filed a Response in opposition. (Doc. 80).

**II**

A motion to voluntarily dismiss is governed by Federal Rule of Civil Procedure 41(a). Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). The purpose of this requirement is to prevent voluntary dismissals which unfairly affect the other side. *Stern v. Barnett*, 452 F.2d 211, 213 (7th Cir. 1971). Whether to grant such a motion is committed to the discretion of the district court, and its decision will only be disturbed upon a showing of an abuse of that discretion. *Id.*; *Fluker v. Cnty. of Kankakee*, 741 F.3d 787, 793 (7th Cir. 2013). Courts have held that an action should not be dismissed without prejudice where the defendant will suffer "plain legal prejudice" as a result of dismissal of the plaintiff's action. *U.S. v. Outboard Marine Corp.*, 789 F.2d 497, 502 (7th Cir. 1986).

The Seventh Circuit has set forth factors to be considered in determining whether a defendant will suffer "plain legal prejudice," including "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *F.D.I.C. v. Knotsman*, 966 F.2d 1133, 1142 (7th Cir. 1992) (quoting *Pacer v. Southern Exp. Co.*, 409 F.2d 331, 334 (7th Cir. 1969)). These factors are not exclusive and serve merely "as a guide for the trial judge." *Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980).

**III**

Plaintiff states he is expected to be released from custody on November 25, 2026. Plaintiff seeks to voluntarily dismiss his case pursuant to Rule 41(a)(2), without prejudice, with costs to be paid upon refiling, in order to avoid the limitations imposed by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. Plaintiff argues that written discovery in this matter has concluded, no dispositive motions were filed, no trial date has been set, and there is no evidence that Defendant incurred significant expense or effort in preparation for trial. Plaintiff also asserts he was not responsible for any excessive delays and diligently prosecuted this matter. Plaintiff contends that any delay was attributable to Defendant and the appeal. Plaintiff argues he will soon be released, and it would be unfair to impose the requirements of the PLRA just because he was incarcerated when he filed the suit.

Defendant argues Plaintiff's case has been pending for over four years and, during that time, Defendant expended significant effort and expense engaging in motion practice, litigating the appeal, and conducting discovery. Defendant argues he completed sufficient preparation for trial, and dismissal of the Plaintiff's case would constitute plain legal prejudice. *Compare Riggs v. Sonney*, No. 1:13-CV-

9291, 2017 WL 2936697, *3 (N.D. Ill. July 10, 2017) (finding that there was relatively little preparation for trial when the defendant only filed an answer, a handful of status reports, and a motion to stay).

Defendant asserts that Plaintiff did not diligently litigate his case. Defendant claims Plaintiff knew about his release date long before filing his Complaint, as Plaintiff attached a printout dated July 19, 2018, to his Complaint showing that his release date or "MSR date" was November 28, 2026. (Doc. 1 at p. 24). Defendant argues that Plaintiff's counsel, who entered his appearance in October 2025, could have located Plaintiff's release date by reviewing the Complaint or by using the Illinois Department of Corrections' online offender search page. Defendant argues that instead of diligently moving to voluntarily dismiss the suit, Plaintiff waited until after the parties conducted significant discovery. Defendant also asserts Plaintiff did not diligently litigate his case due to his repeated delays in conducting discovery. (*See* Doc. 80 at pp. 3-4).

Finally, Defendant argues that dismissing this case would entitle Plaintiff to the tolling benefits of the saving statute and would potentially deprive Defendant of the timeliness defense. Illinois has a savings statute that affords plaintiffs who voluntarily dismiss one year to re-file, or until the ordinary limitations period expires, whichever is longer. 735 ILCS 5/13-217. Illinois' saving statute only applies to state-law claims, or federal claims that borrow state-law limitation periods. *See Beck v. Caterpillar Inc.*, 50 F.3d 405, 407 (7th Cir. 1995). Because § 1983 does not have its own statute of limitations, District Courts in Illinois apply the two-year statute of limitations period for personal injury claims to § 1983 claims. *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001); *see* § 5/13-202.

The Seventh Circuit has expressly held that "plain legal prejudice" occurs when the dismissal will result in the loss of a valid statute of limitations defense by the nonmoving party. *Wojtas v. Cap. Guardian Tr. Co.*, 477 F.3d 924, 928 (7th Cir.

2007) ("Capital, having acquired a right to assert the statute of limitations bar by operation of Wisconsin law, would suffer plain legal prejudice if the Wojtases' motion for voluntary dismissal were granted.") (citing *Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257, 1263 (8th Cir. 1993) (it is an "abuse of discretion for a district court to find no legal prejudice, and thus to grant voluntary dismissal, where the nonmoving party has demonstrated a valid statute of limitations defense")).

During the appeal in this matter, the Seventh Circuit did not conclusively resolve the matter of timeliness. The Seventh Circuit explicitly noted: "We take no position on the outcome of either the exhaustion or timeliness issues. A more complete examination of the facts might show that administrative remedies were in fact available to Fulgham and that his failure to properly exhaust requires dismissal. But that it not an issue that can be resolved on the pleadings in this case." (Doc. 54 at p. 4). Defendant asserts that the timeliness defense "remains very much alive through discovery." (Doc. 80 at p. 5).

The time period for filing a motion for summary judgment on exhaustion of administrative remedies has passed, but it is still possible that Defendant could argue that Plaintiff's claim is barred by the statute of limitations in a motion for summary judgment. Therefore, granting the dismissal would deprive Defendant of a potentially viable defense. (*See* Doc. 60 at p. 2). "Motions for voluntary dismissal under Rule 41(a)(2) are committed to the district court's discretion, but it is an abuse of discretion for the district court to permit the voluntary dismissal of an action where the defendant would suffer 'plain legal prejudice' as a result." *Wojtas*, 477 F.3d at 927 (citations omitted). The Court finds that Defendant would suffer plain legal prejudice if a dismissal was granted under Rule 41(a)(2). Therefore, Plaintiff's Motion is DENIED.

**IV**

For the reasons stated, *supra*:

1) Plaintiff's Opposed Motion for Voluntary Dismissal [79] is DENIED.

2) The discovery deadline is RESET for December 14, 2026. The dispositive motions deadline is RESET for January 13, 2027.

3) Should a party file a motion for reconsideration which is subsequently denied by the Court, the party who filed the motion will be responsible for the attorney's fees of the opposing party related to their response to the motion for reconsideration.

*It is so ordered.*

Entered: October 15, 2026

s/Jonathan E. Hawley
U.S. District Judge